STANDARD MATERIALS CORPORATION *v.* JOHNSON.

4-6993                                             169 S. W. 2d 590

Opinion delivered March 22, 1943.

*Steve Carrigan* and *Head, Shaver & Williams*, for appellant.

*W. S. Atkins, John P. Vesey* and *Ned Stewart*, for appellee.

GRIFFIN SMITH, C. J.    Standard Materials Corporation's loaded gravel truck, driven by George Yokem, sideswiped or was sideswiped by Theo. Johnson's automobile.  The collision occurred at a point on the paved highway where Johnson says a curve obscured his view in the direction from which the truck was approaching at a speed estimated to be from thirty to thirty-five miles per hour.

Johnson was driving behind an empty truck that was stopped suddenly.  He claims to have gone around the "empty" because of necessity, although his own speed was from twelve to fifteen miles per hour.

Johnson says that after passing the parked truck he returned to the right side of the highway and was thirty or forty feet beyond the stationary vehicle when appellant's truck sideswiped the car he was driving.

His left arm was badly injured, necessitating amputation. The truck struck appellee's car near the front of the rear door. The left rear fender and left rear wheel were torn off. Other witnesses substantiated appellee's version of how the collision occurred.

Yokem's version was that Johnson suddenly drove from behind the parked truck. In substance his testimony was that, due to Johnson's impulsive conduct, it was impossible to prevent the collision.

A question was made for the jury, and appellant's request for a peremptory instruction was properly refused.

It is insisted, however, that the judgment for $10,000 should be reversed because of prejudicial errors in instructions the court gave on its own motion and because instructions requested by the defendant were refused.

Specifically, it is contended that Instruction No. 2 contained comment upon the weight of evidence. Instructions Nos. 3 and 4, it is argued, omitted the defense of contributory negligence. Only a general objection was made to Instruction No. 1 and to Instructions Nos. 5 and 6.

Instruction No. 4 is typical of Instruction No. 3 except that in Instruction No. 3 liability would not attach unless Yokem "negligently" drove to his left. Instruction No. 4 is copied in the margin.[1] It is somewhat unorthodox.

---

[1] The law is . . . that a driver of a vehicle shall stay on his own right hand side of the road at all times, unless the way is clear on the left. It is permissible to use the left hand side of the road if there is no traffic, and the way is clear. So, if the plaintiff was using his own right hand side of the road, then the defendant had no right to drive across there and hit him, and if he does so, he would be liable to him in damages. On the other hand, the defendant, Yokem, had a right to keep his truck on his right hand side of the road, and if the plaintiff got on that side of the road (which would be his left) and got hit, then he cannot recover. That would be true . . . regardless of any other circumstances in the case. So, the question for you to determine is *where was the car* at the time of the collision and *where was the truck* at the time of the collision. If you believe from a greater weight of the evidence that the plaintiff was on the right hand side of the road and that the defendant hit him on the right hand side of the road, you would find for the plaintiff. Or, if you believe that the plaintiff was on the left hand side of the road, (the plaintiff's left hand side of the road) then you would find for the defendant.

Instruction No. 1, after telling the jury what the lawsuit was about, stated that the burden was on Johnson to prove his case by a fair preponderance of the evidence; "and if the plaintiff has discharged that burden you will find for him; if he has failed to discharge that burden you will find for the defendant." Objection is that the instruction ignores the law's requirement that liability must be predicated on negligence, and that in the circumstances of this case the plaintiff must be free of contributory negligence. Argument is that the jury could have returned a verdict for the plaintiff even if the collision had been the result of an unavoidable accident.

Instruction No. 4 told the jury that the driver of an automobile or truck is entitled to use the "left hand side" of the road if there is no traffic, and if the way is clear. The jury was further told that if Johnson were using "his own right hand side of the road" the defendant "had no right to drive across there and hit him." Yokem, it was said, was at liberty to keep his truck on the right side, "and if the plaintiff got on *that* side of the road (which would be his left) and got hit, then he cannot recover." These statements were followed by the declaration, "That would be true regardless of any other circumstances in the case." The question for determination, said the court, was "Where was the car at the time of the collision and where was the truck. . . ."

This was what is termed a *binding* instruction. Appellant argues the vice is that the plaintiff alone may determine whether it would be dangerous to vary from right to left. In other words, without any guide other than his own judgment, as distinguished from the conduct of a reasonable man, a driver may ascertain whether the way is clear.

But counsel for appellee insist that the jury must have found, on substantial evidence, that appellee had passed the parked truck and had definitely regained the right side of the highway, and did not thereafter veer to the left of the center line; therefore, it is reasoned, the only inference to be drawn from testimony and the verdict is that Yokem negligently crossed to Johnson's side,

where the impact occurred. The result, counsel say, is that contributory negligence is not an issue because the instructions do not permit recovery unless physical position of Johnson's car was such as to repel acceptance of Yokem's narration regarding his own conduct.

Appellant concedes there was testimony that Johnson had regained his side of the road when struck, but contends that Johnson's inconsistent statements render it unsubstantial. Since it was physically possible for the .wreck to have occurred in the way Johnson (in one version) said it did, we are not at liberty to say there was no intrinsic value to his testimony as a whole, even though its improbability may arrest one's attention.

A majority of the justices hold that the court's action in departing from the beaten path of judicial expression was not error, and that omission of the words ''contributory negligence'' was not prejudicial to the defendant's rights. The majority's views, as expressed by one of the judges, are stated as follows:

"The only action on plaintiff's part which appellant argues contributed to his injury is that he was in the act of passing the parked truck and had not succeeded in getting back on the right side of the road when the collision occurred. This also was plaintiff's only action which the jury could have found contributed to the collision. Consequently, the court's instruction that the jury should find for the defendant if the plaintiff was not on his side of the road not only did not ignore the idea of contributory negligence but was a peremptory instruction that if the jury found defendant's view of the facts to be true, then this was contributory negligence as a matter of law. This was prejudicial to the plaintiff, but not to the defendant. The defendant, having gotten more than it was entited to, cannot complain. If the jury could have found, from the evidence, that any act of plaintiff's, other than that he had not gotten back on his side of the road, contributed to his injury, then defendant would have been entitled to a different instruction on contributory negligence."

The judgment for $10,000 is not excessive for the loss of an arm and for being subjected to the pain plaintiff is shown to have endured.